**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBBIE HARRIS, *et al.*,               ) | |
|                                        ) | |
|          Plaintiffs,                   ) | Case No.: 2:19-cv-01537-GMN-EJY |
|     vs.                                ) | |
|                                        ) | **ORDER** |
| AMALGAMATED TRANSIT UNION              ) | |
| LOCAL 1637, *et al.*,                  ) | |
|                                        ) | |
|          Defendants.                   ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 10), filed by Defendant Amalgamated Transit Union (ATU) Local 1637 ("ATU Local 1637").  Plaintiffs Robbie Harris and Tonia Khan (collectively, "Plaintiffs") filed a Response, (ECF No. 14), and ATU Local 1637 filed a Reply, (ECF No. 15).

Also pending before the Court is the Partial Motion to Dismiss, (ECF No. 19), filed by Defendant MV Transportation Inc. ("MV Transportation").  Plaintiffs filed a Response, (ECF No. 23), and MV Transportation filed a Reply, (ECF No. 26).

**I.    BACKGROUND**[1]

This action arises from allegations of wrongful termination and breach of duty of fair representation.  Plaintiffs allege MV Transportation and ATU Local 1637 entered into a valid and binding collective bargaining agreement ("CBA").[2] (Compl. ¶ 28, ECF No. 1).  Plaintiffs are former MV Transportation employees. (*Id.* ¶¶ 29, 57).

---

[1] The Court accepts Plaintiffs' factual allegations as true. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[F]aced with a Rule 12(b)(6) motion to dismiss . . . courts must . . . accept all factual allegations in the complaint as true."); *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1136 (9th Cir. 2017) ("We take as true the complaint's plausible and properly pleaded allegations[.]").

[2] In ruling on a 12(b)(6) motion, a court may consider exhibits attached to the complaint. *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1051 (9th Cir. 2017) ("Certain written instruments attached to pleadings may be considered

1

### A.    Allegations Regarding Harris

2      On February 14, 2019, MV Transportation terminated Harris based on his attendance,

3 "retroactively penalizing him for approved FMLA leave by converting it into Unexcused

4 Absences." (*Id.* ¶¶ 20, 40).  In terminating Harris, MV Transportation breached the CBA

5 because it failed to "give [Harris] a verbal warning, written warning, or last chance warning and

6 moved immediately to termination." (*Id.* ¶ 41).  MV Transportation further violated the CBA

7 "by terminating [Harris] after he complied with the documentation requirements for requesting

8 FMLA leave, which had previously been approved by MV Transportation." (*Id.* ¶ 42).

9      After his termination, Harris requested that ATU Local 1637 President John Foster

10 ("Foster") file a grievance on Harris's behalf. (*Id.* ¶ 44).  On February 28, 2019, Foster

11 informed Harris that the grievance was meritless and that he would not file the grievance. (*Id.*

12 ¶ 45); (Emails, Ex. 3 to Compl., ECF No. 1).  On March 3, 2019, Harris sent ATU International

13 President Larry Hanley ("Hanley") an email informing him of Foster's refusal to file the

14 grievance. (*Id.*); (Compl. ¶ 46).  Hanley responded the same day, stating: "Please send a signed

15 copy." (*Id.* ¶ 47); (Emails, Ex. 3 to Compl.).  Harris then waited thirty days "before realizing

16 that Local 1637 would not honor its duty of fair representation and file the grievance." (Compl.

17 ¶ 48).  Plaintiffs allege ATU Local 1637 breached its duty of fair representation to Harris by

18 failing to file a grievance on behalf of Harris upon his termination and express request. (*Id.*

19 ¶ 49).

20      ### B.    Allegations Regarding Khan

21      Plaintiff Khan was terminated from MV Transportation on or around June 8, 2018. (*Id.*

22 ¶ 57).  On June 14, 2018, ATU Local 1637 filed a step one grievance on behalf of Khan,

23 pursuant to the CBA. (*Id.* ¶ 63).  On June 21, 2018, MV Transportation rejected Khan's

24

25

part of the pleading[.]").  Plaintiffs' Complaint attaches a number of documents as exhibits, which the Court will
consider in ruling on the instant motions.

grievance and upheld her termination. (*Id.* ¶ 64).  On June 26, 2018, ATU Local 1637 filed a step two grievance on behalf of Khan. (*Id.* ¶ 65).  A step two grievance hearing was subsequently held on July 5, 2018. (*Id.* ¶ 66).  On July 12, 2018, MV Transportation rejected the step two grievance and again upheld Khan's termination. (*Id.* ¶ 67).  Thereafter, Khan contacted Foster "numerous times requesting information on her grievance including when the grievance hearing would be held." (*Id.* ¶ 68).  Foster answered informing her that her grievance was filed on June 26, 2018, and he would notify her of the hearing date. (*Id.* ¶ 69).  Khan then contacted ATU Local 1637 Executive Board Member William Farmer, who informed her that her "arbitration vote has been tabled it's been pushed till for [sic] next month September I'll keep you posted." (*Id.* ¶¶ 70, 71).  On September 23, 2018, Khan wrote Hanley a letter "requesting that he instruct Foster to produce to Ms. Khan the documents relating to her grievance and the vote of the membership not to take the matter to arbitration." (*Id.* ¶ 73).  Foster informed Khan that the step two grievance was denied back in August 2018, and he would be sending her the information. (*Id.* ¶ 74).  On September 24, 2018, Khan received an email from Foster informing her that a letter had been sent to her address on August 10, 2018, stating that her case would not be sent to arbitration, and that she would have fourteen days to appeal. (*Id.* ¶ 75).  The August 10, 2018 letter was attached to Foster's September 24, 2018 email. (*Id.*).  Plaintiffs allege that the August 10, 2018 letter was not actually mailed to Khan. (*Id.* ¶ 76).

On September 25, 2018, Hanley wrote Foster a letter instructing him to provide Khan with the documents necessary to make a determination whether ATU Local 1637 had met its duty of fair representation by taking the matter up for a vote by the membership. (*Id.* ¶ 77). ATU Local 1637 refused to provide the documentation and Khan filed a complaint with the National Labor Relations Board (NLRB). (*Id.* ¶ 78).  On March 5, 2019, the NLRB issued an order directing ATU Local 1637 to provide Khan with all documents relating to the grievance

1    filed by ATU Local 1637 "on her behalf relating to her termination from MV Transportation."

2    (*Id.* ¶ 79).  To date, ATU Local 1637 "has failed to provide the documentation relating to the

3    memberships [sic] arbitration vote as required by the [ATU] Local 1637 Constitution." (*Id.*).

4    Plaintiffs allege ATU Local 1637 breached its duty of fair representation by failing to follow

5    the bylaws which required that Khan's grievance be presented to the membership for a secret

6    ballot vote on whether to go to arbitration. (*Id.* ¶¶ 80, 82); (Bylaws, Ex. 4 to Compl., ECF

7    No. 1).  Moreover, Plaintiffs allege MV Transportation breached the CBA by failing to follow

8    progressive discipline and terminating Khan. (*Id.* ¶ 81).

9         **C.    The Instant Action**

10        Plaintiffs commenced this action on September 3, 2019. (*See* Compl., ECF No. 1).

11   Plaintiffs' Complaint, alleges the following claims: (1) violation of the Family Medical Leave

12   Act (FMLA) – Plaintiff Harris; (2) breach of collective bargaining agreement in violation of

13   Section 310 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 – Plaintiff

14   Harris; and (3) breach of collective bargaining agreement in violation of Section 310 of the

15   LMRA, 29 U.S.C. § 185 – Plaintiff Khan. (*Id.* ¶¶ 15–87).  ATU Local 1637 and MV

16   Transportation (collectively, "Defendants") now move to dismiss Plaintiffs' claims pursuant to

17   Rule 12(b)(6) of the Federal Rules of Civil Procedure.

18   **II.    LEGAL STANDARD**

19        Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where a pleader

20   fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp.*

21   *v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable

22   claim and the grounds on which it rests, and although a court must take all factual allegations as

23   true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at

24   555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic

25   recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss,

1 | a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

2 | that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

3 | 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that

4 | allows the court to draw the reasonable inference that the defendant is liable for the misconduct

5 | alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted

6 | unlawfully." *Id.*

7 | If the court grants a motion to dismiss for failure to state a claim, leave to amend should

8 | be granted unless it is clear that the deficiencies of the complaint cannot be cured by

9 | amendment. *DeSoto v. Yellow Freight Sys.*, *Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant

10 | to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in

11 | the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the

12 | movant, repeated failure to cure deficiencies by amendments previously allowed, undue

13 | prejudice to the opposing party by virtue of allowance of the amendment, futility of the

14 | amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.    DISCUSSION

16 | MV Transportation and ATU Local 1637 both move to dismiss Plaintiffs' Section 301

17 | claims arguing they are time-barred.[3]  In addition, MV Transportation moves to dismiss

18 | Harris's Section 301 claim because it is based on an unenforceable contract.  Moreover, ATU

19 | Local 1637 moves to dismiss Harris's FMLA claim arguing this cause of action can only be

20 | maintained against an employer, and therefore, ATU Local 1637 is not a proper defendant.  The

21 | Court now addresses the parties' arguments.

---

[3] A statute of limitations defense, if "apparent from the face of the complaint," may properly be raised in a motion to dismiss. *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).

1

2     **A.      Claim 1 - Harris's FMLA Claim**[4]

In its Motion to Dismiss, ATU Local 1637 argues that it is not a proper defendant to

3     Harris's FMLA claim because 29 U.S.C. § 2615(a)(1) makes it unlawful for "*any employer* to

4     interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided

5     under this subchapter," *id.* (emphasis added), and ATU Local 1637 was not Harris's employer.

6     (ATU Local 1637 Mot. Dismiss ("ATU MTD") at 4, ECF No. 10).  In response, Plaintiffs

7     clarify that the claim is only alleged against MV Transportation. (Pls.' Resp. ATU MTD at 12–

8     13, ECF No. 14).  Thus, to the extent the Complaint sets forth an FMLA claim against ATU

9     Local 1637, such claim is dismissed.

10    **B.      Claim 2 - Harris's Section 301 Claim**

11    Section 301 of the LMRA found at 29 U.S.C. § 185, vests district courts with

12    jurisdiction over suits alleging a violation of a collective bargaining agreement. 29 U.S.C.

13    § 185(a).  Section 301 encompasses suits seeking "to vindicate uniquely personal rights of

14    employees such as wages, hours, overtime pay, and wrongful discharge." *Hines v. Anchor*

15    *Motor Freight, Inc.*, 424 U.S. 554, 562 (1976).  A Section 301 claim is often referred to as a

16    "hybrid" action because the plaintiff must prove both that his employer and his union breached

17    their respective duties towards him. *Tessema v. United Steel, Paper & Forestry, Rubber, Mfg.,*

18    *Energy, Allied Indus. & Serv. Workers Int'l Union*, 233 F. Supp. 3d 856, 861 (D. Nev. 2017);

19    *Conley v. Int'l Bhd. of Elec. Workers, Local 639*, 810 F.2d 913, 915 (9th Cir. 1987).  Here, the

20    parties agree that Harris's claim is a "hybrid" action.

21    *1.      statute of limitations*

22    The applicable statute of limitations for a hybrid action is six months. *Del Costello v.*

23    *Teamsters*, 462 U.S. 151, 171 (1983).  The statute of limitations "begins to run when an

24    _____

25    [4] MV Transportation does not move to dismiss the FMLA claim, thus the Court will not address the sufficiency
of this cause of action as it pertains to MV Transportation.

1    employee knows or should have known of the alleged breach of duty of fair representation."

2    *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986).  Here, the alleged breach of duty

3    of fair representation is that "ATU Local 1637 failed to file a grievance on behalf of [Harris]

4    upon his termination and express request[.]" (Compl. ¶ 49, ECF No. 1).  Based on the face of

5    the Complaint and the exhibits attached thereto, Harris learned of this alleged breach on

6    February 28, 2019—the date on which Foster informed Harris that ATU Local 1637 would not

7    grieve the termination.  In light of the applicable six-month limitations period, Harris's claim

8    should have been filed on or before August 28, 2019.

9           Plaintiffs' arguments to the contrary are unavailing. [5]  Relying on *Galindo v. Stoody Co.*,

10   793 F.2d 1502 (9th Cir. 1986), Plaintiffs submit that Harris's March 3, 2019 email to Hanley

11   tolled the statute of limitations. (Pls.' Resp. ATU MTD at 3–4, 7–8).  In *Galindo*, the Ninth

12   Circuit held that an employee's good faith attempts to resolve a claim through contractual

13   remedies, such as intra-union grievance procedures and arbitration, will toll the six-month

14   period when the "duty of fair representation claim is not based on a union's processing of a

15   grievance." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509–10 (9th Cir. 1986).  In articulating its

16   decision, the Ninth Circuit quoted the Sixth Circuit's opinion in *Adkins v. International Union*

17   *of Electrical, Radio & Machine Workers*:

18        Certainly, *the typical hybrid claim is based on the union's failure to properly*
19        *process a grievance, so nonjudicial enforcement has already failed.*  But where
          the union's alleged breach of duty is in a non-grievance context, as here, the
20        employees' good-faith attempt to exhaust their contractual remedies will prevent
          the accrual of their action.  To hold otherwise would undercut the national policy
21        favoring nonjudicial resolution of labor disputes.

22

23   [5] In response to the Motions to Dismiss, Plaintiffs attempt to meet *Twombly*'s plausibility standard by presenting
     new allegations and attaching affidavits and other exhibits. (*See, e.g.*, Pls.' Resp. ATU MTD at 5–7).  "In
24   determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's
     moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v.*
25   *California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  Accordingly, the Court will not consider
     Plaintiffs' additional allegations or materials.

1   *Galindo*, 793 F.2d at 1510 (quoting *Adkins*, 769 F.2d 330 (6th Cir. 1985)) (emphasis added).

2   Thus, Plaintiff's reliance on *Galindo* is misplaced.  First, Plaintiffs' argument in favor of tolling

3   assumes Harris's claim arises in a non-grievance context.  But this assumption is unfounded

4   because the Complaint identifies the alleged breach of the duty of fair representation as ATU

5   Local 1637's failure to "file a grievance on behalf of [Harris]." (Compl. ¶ 49).  Moreover, even

6   assuming *arguendo* that the alleged breach arose outside the grievance context, the Complaint

7   does not contain facts showing that an email to Hanley is a contractual remedy. *See Galindo*,

8   793 F.2d at 1510 n.5 ("[T]he policy of non-judicial resolution of labor disputes should

9   outweigh the policy of prompt resolution of labor disputes in cases where the pursuit of

10  *contractual remedies* would toll the statute for only a few months.") (emphasis added).

11          In sum, Plaintiffs have failed to demonstrate the March 3, 2019 email warrants the

12  tolling of Harris's Section 301 hybrid claim.  Based on the face of the Complaint, Harris's

13  claim accrued on February 28, 2019, and should have been brought on or before August 28,

14  2019.  Because the Complaint was not filed until September 3, 2019, Harris's Section 301

15  claim is dismissed as time barred.

16                        *2.       the CBA's enforceability*

17          MV Transportation also moves to dismiss Harris's Section 301 hybrid claim because it

18  is based on the alleged breach of an expired CBA. (MV Transportation Mot. Dismiss ("MV

19  MTD") at 4–5, ECF No. 19).  According to the Complaint, MV Transportation breached the

20  CBA when it "failed to give Plaintiff Harris a verbal warning, written warning, or last chance

21  warning and moved immediately to termination in violation of the [CBA]." (Compl. ¶ 41).

22  Further, MV Transportation violated the CBA by "terminating Plaintiff Harris after he

23  complied with the documentation requirements for requesting FMLA leave, which had

24  previously been approved by MV Transportation." (*Id.* ¶ 42).  The CBA, which Plaintiffs

25  attached to the Complaint, states that the CBA was operative from January 1, 2015 through

1   August 31, 2018. (CBA at 50, Ex. 2 to Compl., ECF No. 1).  However, the facts allegations

2   underlying the breach of the CBA occurred between January and February of 2019.  Because

3   the CBA was no longer a legally enforceable contract at the time of Harris's termination, MV

4   Transportation could not have breached the CBA. *See Office & Prof'l Employees Ins. Tr. Fund*

5   *v. Laborers Funds Admin. Office of N. California, Inc.*, 783 F.2d 919, 922 (9th Cir. 1986) ("An

6   expired CBA itself is no longer a 'legally enforceable document.'").

7         Plaintiffs insist that in order to succeed in dismissing Harris's claim, MV Transportation

8   would have to demonstrate some material change in the new CBA to justify dismissing the

9   claims. (Pls.' Resp. MV MTD at 3–4, ECF No. 23).  But Plaintiffs misunderstand the

10  applicable legal standard.  To survive a motion to dismiss, a complaint must plead "enough

11  facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063,

12  1067 (9th Cir. 2009).  Here, the Complaint fails to allege a plausible breach of the CBA

13  because, pursuant to the CBA's terms, the CBA was no longer enforceable.  Accordingly,

14  Harris's Section 301 cause of action is also dismissed for failure to state a claim.

15        **C.    Claim 3 - Khan's Section 301 Claim**

16        As with Harris's Section 301 claim, the parties agree Khan's claim is a "hybrid" action

17  subject to a six-month statute of limitations.  In the Motions to Dismiss, Defendants argue that

18  Khan's duty of fair representation claim accrued when ATU Local 1637 informed Khan that it

19  was not pursuing her grievance any further (*i.e.*, that it would not be initiating an arbitration on

20  her behalf).  Because this event occurred on August 10, 2018 (via ATU Local 1637's letter), or

21  September 24, 2018 (via Foster's email), and Khan did not file the instant action until

22  September 3, 2019—almost a year later—Defendants conclude Khan's claim is time-barred.

23        However, the breach alleged in the Complaint is ATU's failure to follow the bylaws

24  which required that Khan's grievance be presented to the membership for a secret ballot vote

25  on whether proceed with arbitration. (Compl. ¶¶ 80, 82); (Bylaws, Ex. 4 to Compl., ECF No.

1   1).  As discussed above, "in a duty of fair representation case, the six-month period generally

2   begins to run when an employee knows or should know of the alleged breach of duty of fair

3   representation by a union." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509–11 (9th Cir. 1986).

4   Applying this principle to the alleged breach, Khan's claim accrued on the date when she knew

5   or should have known that ATU violated the bylaws.  The Complaint does not identify such a

6   date, and to further complicate matters, Plaintiffs now contend that the statute should be tolled

7   based on fraudulent concealment. (Pls.' Resp. ATU MTD at 10) (citing *Sevako v. Anchor*

8   *Motor Freight, Inc.*, 792 F.2d 570, 575 (6th Cir. 1986) ("fraudulent concealment may, under

9   proven facts, be sufficient to toll the running of the statute of limitations.")).

10   A claim may be dismissed under Rule 12(b)(6) based on the defense that it is barred by

11   the statute of limitations *only* when "the running of the statute is apparent on the face of the

12   complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006); *Seven Arts*

13   *Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013)

14   (explaining that a statute of limitations defense, if "apparent from the face of the complaint,"

15   may properly be raised in a motion to dismiss).  Here, the parties have amply demonstrated that

16   this defense is *not* apparent from the face of the Complaint and is therefore premature.  A fuller

17   factual record is necessary to allow determination of the legal basis upon which a ruling can be

18   made.  Accordingly, the Court will not rule at this stage of litigation that the Complaint on its

19   face warrants dismissing Khan's Section 301 claim.  Defendants' Motions are therefore denied

20   as to the third cause of action.

21   **D.    Leave to Amend**

22   Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give

23   leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s]

24   held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should

25   grant leave to amend even if no request to amend the pleading was made, unless it determines

that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiffs may be able to plead additional facts to support Harris's Section 301 claim.  Accordingly, the Court will grant Plaintiffs leave to file an amended complaint.  Plaintiffs shall file their amended complaint within twenty-one days of the date of this Order if they can allege sufficient facts that plausibly establish Harris's Section 301 claim against Defendants.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant ATU Local 1637's Motion to Dismiss, (ECF No. 10), is **GRANTED in part and DENIED in part**.  The Motion is granted as to Harris's FMLA and Section 301 claims, and denied in all other respects.

**IT IS FURTHER ORDERED** that Defendant MV Transportation's Partial Motion to Dismiss, (ECF No. 19), is **GRANTED in part and DENIED in part**.  The Motion is granted as to Harris's Section 301 claim, and denied in all other respects.

**IT IS FURTHER ORDERED** that Harris's Section 301 claim is **DISMISSED without prejudice**.  Plaintiffs shall have twenty-one (21) days of the date of this Order to file an amended complaint.

**DATED** this __28__ day of September, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court