UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBBIE HARRIS, TONIA KHAN,<br><br>Plaintiffs,<br><br>v.<br><br>AMALGAMATED TRANSIT UNION LOCAL 1637, MV TRANSPORTATION INC.,<br><br>Defendant. | Case No. 2:19-cv-01537-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>ECF No. 47 |

Pending before the Court is Defendant MV Transportation Inc.'s ("MVT") Motion to Sever Plaintiff's Claims. ECF No. 47. Defendant Amalgamated Transit Union Local 1637 ("ATU" or "Local 1637") does not oppose the Motion. ECF No. 48. The Court has considered MVT's Motion, Plaintiff's Response (ECF No. 49), and MVT's Reply (ECF No. 55) and finds as follows.

**I.   BACKGROUND**

Plaintiffs Robbie Harris and Tonia Khan filed their Amended Complaint on February 18, 2020.[1] ECF No. 29. Harris alleges that MVT violated the Family Medical Leave Act ("FMLA") when it terminated him for unexcused absences after approving his application for FMLA leave. *Id*. at 4. He also brings a Hybrid Duty of Fair Representation/Section 301 Claim ("hybrid 301 claim") alleging that MVT breached his collective bargaining agreement ("CBA") by terminating him after retroactively converting his approved FMLA leave to unexcused absences, and that ATU violated their duty of fair representation by refusing to file a grievance challenging his termination. *Id*. at 5–10. ATU, and MVT through joinder, have moved to dismiss Harris's hybrid 301 claim on statute-of-limitations grounds. ECF Nos. 37, 40.

Khan also alleges a hybrid 301 claim against MVT and ATU, but under slightly different circumstances. Khan alleges that MVT breached her CBA when it fired her for failing to report an

---

[1]   Plaintiffs were granted leave to amend their Complaint after the District Court granted Defendant Amalgamated Transit Union's Motion to Dismiss in part. ECF No. 27.

incident that occurred while she was driving an MVT bus without first utilizing her CBA's "four-step progressive discipline process." ECF No. 29 at 11–12. She also contends that ATU filed grievances on her behalf but failed to bring her grievance "to the membership for a vote on whether to go to arbitration" as required by ATU's Bylaws. *Id*. at 12–14.

MVT brings this Motion to Sever Plaintiffs' claims into separate lawsuits. ECF No. 47. ATU does not oppose. ECF No. 48. MVT contends that Plaintiffs' claims do not arise from the same transaction or occurrence and do not have any common questions of law or fact. Plaintiffs oppose, contending that both claims arose after Local 1637 was placed in trusteeship by ATU International and emerged with a new president, John Foster. ECF No. 49 at 3. They also contend that the claims have common questions of law because "each Plaintiff has brought a Section 301 hybrid breach of contract/duty of fair representation claim against Defendants" which will require both Plaintiffs to prove that MVT breached the Plaintiffs' CBAs and that ATU breached its duty of fair representation. *Id*.

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 20(a), permissive joinder of plaintiffs "is proper if (1) the plaintiffs assert[] a right to relief arising out of the same transaction and occurrence and (2) some question of law or fact common to all the parties will arise in the action." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing Fed. R. Civ. P. 20(a)); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). "If joined plaintiffs fail to meet both of these requirements, the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance." *Coughlin*, 130 F.3d at 1351 (citing Fed. R. Civ. P. 21; *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972)).

Plaintiffs have not sufficiently shown that their claims against MVT arise out of the same transaction or occurrence. Plaintiffs in fact concede that "the terminations themselves do not demonstrate a systemic pattern of events as it relates to the [MVT] Defendants." ECF No. 49 at 4. Harris's claims arose from MVT's alleged decision to terminate him for unexcused absences following a finding that Harris was not entitled to further FMLA leave. Khan's claims arose from MVT's alleged decision—eight months earlier—to terminate her following her failure to report a

bus incident. "By its terms, [the first requirement] requires factual similarity in the allegations supporting Plaintiffs' claims." *Visendi v. Bank of America, N.A.*, 733 F.3d 863, 870 (9th Cir. 2013). Plaintiffs have not met that burden here.

Neither do Plaintiffs' claims present common questions of law or fact against MVT. Indeed, Plaintiffs' Amended Complaint demonstrates that Plaintiffs are subject to two different CBAs.[2] At trial or the summary-judgment stage, the Court or jury would therefore be tasked with interpreting two different contracts to adjudicate Plaintiffs' claims. Further, Plaintiffs allege that two different clauses of their CBAs were violated (sections on attendance and FMLA leave for Harris, and sections on reporting bus incidents and progressive discipline for Khan). Resolution of these claims would require separate, fact-intensive inquiries that do not involve common questions of law or fact.

Plaintiffs have also not met the requirements for permissive joinder for their claims against ATU. Plaintiffs contend that their Amended Complaint "illustrate[s] a systemic pattern of Local 1637 President John Foster knowingly and [intentionally] breaching his duty of fair representation owed to Local 1637 members, including Plaintiffs." *Id*. But merely claiming that the same Defendant took similar actions against two plaintiffs is insufficient to show that claims arise under the same transaction or occurrence. ATU's handling of Plaintiffs' grievance procedures do not arise from the same transaction simply because the same person was Local 1637's president when the grievances were submitted.

Even if Plaintiffs could show that they meet the first Rule 20 requirement against ATU, they cannot meet the second. While Plaintiffs both bring hybrid 301 claims against ATU for breaching their duty of fair representation, there are no facts common to those claims. Harris alleges that Local 1637's President John Foster "informed Harris that his grievance was meritless, and refused to even file a grievance" on his behalf. ECF No. 29 at 8. Khan, however, alleges that Local 1637 filed step-one and step-two grievances on her behalf, but failed to provide fair representation when it did not hold a vote on whether her case should proceed to arbitration. The determination of these claims does not rely on any common questions of law or fact. For Harris, the decisionmaker must determine

---

[2] *Compare* ECF No. 29 at 5 (citing Exhibit 2, ECF No. 29-2, as the CBA applicable to Harris's claims) *with* ECF No. 29 at 11 (citing Exhibit 6, ECF No. 29-6, as the CBA applicable to Khan's claims).

whether Local 1637 breached its duty when it refused to start the grievance process at all. For Khan, the decisionmaker must determine whether Local 1637 breached its duty when it failed to hold a vote on arbitration. Both are fact-intensive inquiries that do not overlap. In short, "[p]laintiffs merely allege that Defendants violated the same laws in comparable ways. Rule 20(a) requires more." *Visendi*, 733 F.3d at 870.

Further, the interests of justice support severing Plaintiffs' claims.[3] First, Plaintiffs do not contend that they would be prejudiced by severance.[4] Nor do they contend that keeping these claims in one lawsuit would promote judicial efficiency or avoid waste. MVT convincingly contends that it will suffer prejudice if Plaintiffs' claims are brought before a single factfinder at the same time, because it would be "more likely to appear that their own respective versions of events are found truthful simply because two people rather than one claims to have been wronged in a similar fashion, though under wholly unrelated and dissimilar circumstances." ECF No. 47 at 7.[5] Further, because each claim will bring its own unique and fact-intensive inquiry, judicial efficiency will not be harmed by severing Plaintiffs' claims, as "even if Plaintiffs' cases were not severed, the Court would still have to give each claim individualized attention." *Coughlin*, 130 F.3d at 1351.

### III. RECOMMENDATION

Accordingly,

IT IS HEREBY RECOMMENDED that case number 19-cv-01537 proceed only as to the claims of Robbie Harris, the first named Plaintiff in the complaint.

IT IS FURTHER RECOMMENDED that the claims of Tonia Khan be severed from case number 19-cv-01537.

---

[3] "The purpose of [Rule 20] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1652 at 395 (3d ed. 2001).

[4] Because the Court recommends severing, not dismissing, Khan's claims, the Court does not independently consider prejudice that could occur from dismissing a plaintiff from this suit. *See Rush v. Sports Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015) (holding that "district courts who dismiss rather than sever must conduct a prejudice analysis, including loss of otherwise timely claims if new suits are blocked by statutes of limitations") (internal quotations and citations omitted).

[5] *See Coleman*, 232 F.3d at 1296 (finding district court properly found prejudice in having multiple plaintiffs alleging discrimination testify at one trial) (citing *Moorhouse v. Boeing Co.*, 501 F. Supp. 390, 393 n.4 (E.D. Pa.) ("even the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that the defendant laid him off because of his age"), *aff'd* 639 F.2d 774 (3d Cir. 1980)).

IT IS FURTHER RECOMMENDED that upon adoption of this recommendation, the Clerk of the Court shall be directed to assign a new case number for the claims of Tonia Khan, file a copy of the Amended Complaint (ECF No. 29) and this Order in the new case, and assign that case to this Court. Unless the Court subsequently orders otherwise, it will not be necessary for Plaintiffs to refile or re-serve the Complaint. In subsequent filings, the caption should include only the Plaintiff in that particular case. All pending deadlines shall apply in both cases.

Dated this 3rd day of August, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).