# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBBIE HARRIS, *et al.*,      ) <br>      ) <br>             Plaintiffs,    ) <br>      vs.                ) <br>      ) <br> AMALGAMATED TRANSIT UNION   ) <br> LOCAL 1637, *et al.*,      ) <br>      ) <br>           Defendants.   ) <br>      ) | Case No.: 2:19-cv-01537-GMN-EJY <br><br> **ORDER** |

Pending before the Court is the Second Motion to Dismiss, (ECF No. 37), filed by Defendant Amalgamated Transit Union (ATU) Local 1637 ("ATU Local 1637").[1]  Plaintiffs Robbie Harris ("Harris") and Tonia Khan (collectively, "Plaintiffs")[2] filed a Response, (ECF No. 41), and ATU Local 1637 filed a Reply, (ECF No. 44).

## I.     BACKGROUND

This action arises from allegations of wrongful termination and breach of duty of fair representation.  Plaintiffs allege MV Transportation and ATU Local 1637 entered into a valid and binding collective bargaining agreement ("CBA"). (Compl. ¶ 28, ECF No. 1).  Plaintiffs are former MV Transportation employees. (*Id.* ¶¶ 29, 57).

On February 14, 2019, MV Transportation terminated Harris based on his attendance, "retroactively penalizing him for approved FMLA leave by converting it into Unexcused Absences." (*Id.* ¶¶ 20, 40).  In terminating Harris, MV Transportation breached the CBA

---

[1] Defendant MV Transportation Inc. ("MV Transportation") filed a Joinder to ATU Local 1637's Second Motion to Dismiss, (ECF No. 40).

[2] On August 18, 2021, the Court severed the claims of Plaintiff Tonia Khan from the instant case. (*See* Order Granting Motion to Sever, ECF No. 61).  Thus, the Court solely addresses Plaintiff Robbie Harris's claims for the remainder of the motion.

because it failed to "give [Harris] a verbal warning, written warning, or last chance warning and moved immediately to termination." (*Id.* ¶ 41).  MV Transportation further violated the CBA "by terminating [Harris] after he complied with the documentation requirements for requesting FMLA leave, which had previously been approved by MV Transportation." (*Id.* ¶ 42).

After his termination, Harris requested that ATU Local 1637 President John Foster ("Foster") file a grievance on Harris's behalf. (*Id.* ¶ 44).  On February 28, 2019, Foster informed Harris that the grievance was meritless and that he would not file the grievance. (*Id.* ¶ 45); (Emails, Ex. 3 to Compl., ECF No. 1).  On March 3, 2019, Harris sent ATU International President Larry Hanley ("Hanley") an email informing him of Foster's refusal to file the grievance. (*Id.*); (Compl. ¶ 46).  Hanley responded the same day, stating: "Please send a signed copy." (*Id.* ¶ 47); (Emails, Ex. 3 to Compl.).  Harris then waited thirty days "before realizing that Local 1637 would not honor its duty of fair representation and file the grievance." (Compl. ¶ 48).  Plaintiffs allege ATU Local 1637 breached its duty of fair representation to Harris by failing to file a grievance on behalf of Harris upon his termination and express request. (*Id.* ¶ 49).

Plaintiffs commenced this action on September 3, 2019. (*See* Compl., ECF No. 1).  Plaintiffs' Complaint alleges the following claims: (1) violation of the Family Medical Leave Act (FMLA) – Plaintiff Harris; (2) breach of collective bargaining agreement in violation of Section 310 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 – Plaintiff Harris; and (3) breach of collective bargaining agreement in violation of Section 310 of the LMRA, 29 U.S.C. § 185 – Plaintiff Khan. (*Id.* ¶¶ 15–87).  ATU Local 1637 and MV Transportation (collectively, "Defendants") then moved to dismiss Plaintiffs' Section 301 claims, arguing that they are time barred. (ATU Local 1637's Mot. Dismiss, ECF No. 10); (MV Transportation's Mot. Dismiss, ECF No. 19)  The Court granted in part and denied in part Defendants' respective Motions to Dismiss, specifically dismissing Harris's Section 301 claim

with leave to amend. (*See* Order Granting in Part and Denying in Part Mot. Dismiss 11:4–8, ECF No. 27).  Plaintiffs filed an Amended Complaint, (ECF No. 29).  ATU Local 1637 then filed a Second Motion to Dismiss, (ECF No. 37) and MV Transportation filed a Joinder to its Second Motion to Dismiss, (ECF No. 40).

## I.   **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282

(9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II.    DISCUSSION

ATU Local 1637 moves to dismiss the following claims in the First Amended Complaint: (1) violation of the Family Medical Leave Act ("FMLA"); (2) Section 301 claim as to Plaintiff Harris; and (3) Section 301 claim as to Plaintiff Khan. (MTD 3:20–8:4).  As to Harris's first claim under the FMLA, the Court previously dismissed the FMLA claim against ATU Local 1637. (Order Granting in Part and Denying in Part Mot. Dismiss 6:1–9); (*see also* Resp. to MTD 3:6–8, ECF No. 41) (acknowledging the Court's prior order dismissing ATU from the FMLA claim).  Additionally, Plaintiff Khan is no longer a party to this suit. (*See generally* Order Granting Motion to Sever).  The Court thus limits its discussion to Harris's Section 301 claim below.

### A.    Statute of Limitations

Harris amended his Complaint to add that Defendants breached the duty of fair representation when Hanley, President of ATU International, failed to intervene and direct Foster to file a grievance on Harris's behalf. (FAC ¶¶ 46–50, 52–55).  According to Harris, the ATU Local 1637 bylaws impose a duty on the Local 1637 Executive Board to consider all

grievances and complaints, and additionally, permit the President of ATU Local 1637 to intervene on any matter so long as a member presents a question to him/her. (*Id*. ¶¶ 46–49).

Defendants argue that Harris's Section 301 claim is still time-barred because Hanley's failure to intervene arises out of the grievance context and thus, the six-month statute of limitations applies. (Second MTD 5:4–8:4).  In rebuttal, Harris asserts that his Section 301 claim tolled. (Resp. to Second MTD 3:10–9:22).  Since Hanley's failure to intervene purportedly arises in a "non-grievance context," Harris claims that the statute of limitations for his Section 301 claim was tolled on March 3, 2019, when he emailed Hanley requesting intervention. (*Id*.).

As the Court explained in its previous Order, the applicable statute of limitations for a hybrid action is six months. *Del Costello v. Teamsters*, 462 U.S. 151, 171 (1983).  The statute of limitations "begins to run when an employee knows or should have known of the alleged breach of duty of fair representation." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986).  However, when the "duty of fair representation claim is not based on a union's processing of a grievance," an employee's good faith attempts to resolve a claim through contractual remedies, such as intra-union grievance procedures and arbitration, will toll the six-month period. *Id.* at 1509–10.

"The vast majority of duty of fair representation claims arise in the grievance procedure context: the employee claims that a union failed to process a grievance or mishandled its presentation." *Id*. at 1509.  In *Galindo*, the employee alleged that the union made errors in presenting his grievance before the arbitrator. *Id*.  Because the alleged errors arose out of the grievance procedure context, the Ninth Circuit applied the six-month statute of limitations period, which began accruing the day the arbitrator issued his order. *Id*.

//

//

Similarly, Harris's Section 301 claim arises out of the grievance procedure context. Hanley's alleged failure to intervene was initially triggered by ATU Local 1637's decision not to file a grievance on Harris's behalf.  Specifically, Harris alleges:

> *That after Local 1637 President Foster refused to file the grievance on his behalf*, Plaintiff Harris sent ATU International President Hanley an email questioning the Local 1637's President/Business Agent's decision to not file a grievance on his behalf on March 3, 2019, informing ATU International of Foster's refusal to file the grievance.

(FAC ¶ 50) (emphasis added).  Harris effectively claims that ATU Local 1637 and its representatives continued to breach their duty of fair representation by purportedly failing to continually pursue his grievance.  The Ninth Circuit, in *Harper v. San Diego Transit Corp.,* however, rejected a similar argument that the statute of limitations should be tolled because "the Union continually breached its duty of fair representation by continuing to fail to pursue his grievance." *Harper*, 764 F.2d 663, 669 (9th Cir. 1985).  Harris argues that Hanley and Foster's failure to present the grievance to the board for review are matters outside the grievance procedure in the CBA; however, fails to provide any persuasive evidence to support this assertion. (Resp. to Second MTD 8:4–13).  Accordingly, Harris's newly alleged breach (i.e., Hanley's refusal to intervene and direct Foster to file a grievance on Plaintiff's behalf), arises out of Defendants' initial failure to file a grievance on Harris's behalf. (FAC ¶¶ 50–52).

Because the alleged breach of fair representation arose out of the grievance process, the six-month statute of limitations applies. *Galindo*, 793 F.2d at 1509 ("[I]n a duty of fair representation case, the six-month period generally begins to run when an employee knows or should know of the alleged breach of duty of fair representation by a union.").  As the Court previously held, Harris's Section 301 claim is time-barred since Harris filed his Complaint on September 3, 2019, approximately a month after the statute of limitations expired. (Order

Granting in Part and Denying in Part Mot. Dismiss 8:11–15).  Defendants' Motion to Dismiss as to Harris's Section 301 claim is thus granted.[3]

### B.     Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Repeated failure to cure deficiencies in a complaint may justify dismissal with prejudice if the court has previously dismissed the complaint, provided plaintiff notice of the complaint's deficiencies, and the plaintiff failed to cure the noted deficiencies. *See Smith v. Constellation Brands, Inc.*, 725 Fed. Appx. 504, 507 (9th Cir. 2018).  The district court's discretion to deny leave to amend is "particularly broad" when it has previously given such leave. *See Carnahan v. Seterus, Inc.*, 712 Fed. Appx. 702, 703-04 (9th Cir. 2018) (quoting *Gonzales v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014)).

Here, the Court denies leave to amend Harris's Section 301 claim.  The Court previously provided Harris notice of the deficiencies with the Section 301 claim and Harris failed to cure the deficiencies.

//

//

//

---

[3] Because the Court finds that Harris's Section 301 claim is time-barred, the Court does not further address Defendants' additional arguments.

III.    **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant ATU Local 1637's Second Motion to Dismiss, (ECF No. 37), is **GRANTED.**  Harris's Section 301 is denied with prejudice.

**DATED** this _30_ day of September, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT